IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00794-EWN-MEH

BRYAN L. SIMS,
NANCEE SIMS,
NANCEE SIMS, as Legal Guardian of KEELYN SIMS (a handicapped individual),
NANCEE SIMS, as Custodial Parent for SHELBEE N.K. SIMS (a minor child),
KALEB K.D. SIMS,
SAMUEL G. BURRIS, and
VIRGINIA O. BURRIS,

    Plaintiffs,

v.

CATHY NEW, Case Manager, FCI Big Spring,
RON WILEY, Warden, FPC - Florence,
SHERRY JACOBSON, Unit Manager, FCI Big Spring,
PAULA TUBBS, Psychologist, FCI-Big Spring,
DAVID JUSTICE, former Warden, FCI-Big Spring,
QUINCY L. OLLISON, Chief Fraud Section, U.S. Attorneys' Office, S.D. Texas,
FIVE JOHN/JANE DOES, and
FEDERAL BUREAU OF PRISONS,

    Defendants.

---

**RECOMMENDATION ON MOTION FOR TEMPORARY RESTRAINING ORDER**

---

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is the Plaintiffs' Motion pursuant to Fed. R. Civ. P. 65(b) for Temporary Restraining Order to be Followed by a Preliminary Injunction pursuant to Rule 65(a) [filed August 4, 2008; docket #23]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. L.Civ.R 72.1.C, the Motion has been referred to this Court for recommendation. The Court finds that a hearing will not materially assist in resolving the Motion. The Court recommends that, for the reasons stated herein, the Motion be **denied**.[1]

---

[1] Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is

**BACKGROUND**

Plaintiff is a prisoner in Colorado who has filed this *pro se* civil rights Complaint. Contemporaneous with the pending Motion, Plaintiff filed an Amended Complaint pursuant to Fed. R. Civ. P. 15(a), naming several additional plaintiffs and defendants.[2] In the Motion, Plaintiff alleges generally that Defendants have violated the First Amendment by interfering with his use of the mail and telephone and have performed other acts of retaliation against him for filing his Complaint. Plaintiff requests an order prohibiting the Defendants from interfering with his use of the mail and telephone, preventing the Defendants from transferring Plaintiff to another FPC for the remaining term of his imprisonment, and prohibiting further acts of retaliation against him and the other Plaintiffs.

**DISCUSSION**

Issuance of a temporary restraining order is subject to the court's discretion. *Hinkel Dry Goods Co. v. Wichison Indus. Gas Co.,* 64 F.2d 881, 883 (10th Cir. 1933). Where the opposing party has notice, the procedure and standards for issuance of a temporary restraining order mirror those for a preliminary injunction. 11A Charles Alan Wright, Arthur Miller & Mary Kay Kane, Federal Practice and Procedure § 2951 (2d ed. 1995).

A preliminary injunction is an extraordinary remedy that should only be granted when the moving party clearly and unequivocally demonstrates its necessity. *See Schrier v. Univ. of Colo.,* 427

---

assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

[2]No Defendant has filed a response to Plaintiffs' Motion.

F.3d 1253, 1258 (10th Cir. 2005). In the Tenth Circuit, a party requesting a preliminary injunction must clearly establish that: (1) the party will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits. *Id.*

It is well established that "[b]ecause a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.,* 356 F.3d 1256, 1260 (10th Cir. 2004) (citations omitted). Moreover, "[b]ecause the limited purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held, we have identified the following three types of specifically disfavored preliminary injunctions ... (1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a full trial on the merits." *Schrier,* 427 F.3d at 1258-59 (citations omitted). These disfavored injunctions are "more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *Id.* at 1259.

I find that Plaintiffs are unable to meet their burden to show that a preliminary injunction is necessary in this case. Plaintiffs appear to seek a preliminary injunction that would require Defendants to act in a way that (Plaintiffs allege) is contrary to their prior practices, *i.e.*, to change Defendants' policies regarding mail and telephone use. Given the relief Plaintiffs appear to seek, the relief sought would alter the status quo rather than preserve it and would also require Defendants to engage in affirmative actions. For these reasons, the injunctive relief sought by Plaintiffs "constitutes a specifically disfavored injunction" that "must be more closely scrutinized." *Id.* at 1259,

3

1261.

Plaintiffs must first show that they will suffer irreparable injury if their request for injunctive relief is denied. *Id.* at 1258. "To constitute irreparable harm, an injury must be certain, great, actual 'and not theoretical.' " *Heideman v. S. Salt Lake City,* 348 F.3d 1182, 1189 (10th Cir. 2003) (quoting *Wis. Gas Co. v. FERC,* 758 F.2d 669, 674 (D.C. Cir. 1985)). Irreparable harm is more than "merely serious or substantial" harm. *Id.* (citation omitted). The party seeking the preliminary injunction "must show that 'the injury complained of is of such *imminence* that there is a clear and present need for equitable relief' to prevent irreparable harm." *Id.* (emphasis in original) (citation omitted).

Here, Plaintiffs allege they have been injured by the restrictions[3] on the prisoner Plaintiff's telephone use by limiting his ability to talk to the other Plaintiffs, by the added number of visits to the prison as a result of restricted telephone use, and by the length of time it takes for mail to be received by and between the Plaintiffs (there is no allegation that mail is not being received). The Court finds that such injuries are not of the serious or substantial nature, nor "of such imminence that there is a clear and present need for equitable relief," as required to impose injunctive relief in this matter. Moreover, the prisoner Plaintiff's speculation that he *may* suffer acts of retaliation, such as being placed in segregation or transferred to a facility "hundreds if not thousands of miles further away from his family," without more, does not establish irreparable harm for purposes of imposing injunctive relief. Therefore, the Plaintiffs have failed to demonstrate they are entitled to a temporary restraining order or preliminary injunction in this matter.

## **CONCLUSION**

Based upon the foregoing, it is RECOMMENDED that the Plaintiffs' Motion pursuant to Fed.

---

[3]Plaintiffs allege in their Amended Complaint that the prisoner Plaintiff's telephone use was restricted upon his transfer and arrival at FPC-Florence due to an "erroneous" public safety factor imposed upon Plaintiff for alleged abuse of telephone privileges at his prior facility. *See* docket #22 at ¶ 34.

R. Civ. P. 65(b) for Temporary Restraining Order to be Followed by a Preliminary Injunction pursuant to Rule 65(a) [filed August 4, 2008; docket #23] be **denied**.

DATED this 2nd day of September, 2008, in Denver, Colorado.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge