IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00794-CMA-MEH

BRYAN L. SIMS,
NANCEE SIMS,
NANCEE SIMS, as Legal Guardian of KEELYN SIMS (a handicapped individual),
NANCEE SIMS, as Custodial Parent for SHELBEE N.K. SIMS (a minor child),
KALEB K.D. SIMS,
SAMUEL G. BURRIS, and
VIRGINIA O. BURRIS,

    Plaintiffs,

v.

CATHY NEW, Case Manager, FCI Big Spring,
RON WILEY, Warden, FPC - Florence,
SHERRY JACOBSON, Unit Manager, FCI Big Spring,
PAULA TUBBS, Psychologist, FCI-Big Spring,
DAVID JUSTICE, former Warden, FCI-Big Spring,
QUINCY L. OLLISON, Chief Fraud Section, U.S. Attorneys' Office, S.D. Texas,
FIVE JOHN/JANE DOES, and
FEDERAL BUREAU OF PRISONS,

    Defendants.

## RECOMMENDATION ON PLAINTIFFS' MOTION FOR JOINDER AND TO AMEND

Before the Court is Plaintiffs' Motion to Add Parties Pursuant to Rule 21 [docket #70], which the Court construes as a motion for permissive joinder and motion to amend the Amended Complaint.[1] Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. LCivR 72.1.C, the matter has been referred to this Court for recommendation. For the reasons set forth below, the Court

---

[1] *See* the Court's analysis in the Discussion section below.
.

recommends that the District Court **deny** Plaintiff's motion.[2]

I.  Background

Plaintiff Bryan Sims ("Bryan") is a prisoner in Colorado who initiated this *pro se* civil rights action on April 18, 2008. Before Defendants responded to the original Complaint, Plaintiff filed an Amended Complaint on August 4, 2008, which is the operative pleading in this matter. Docket #22. The Plaintiff amended his Complaint to include several members of his family as Plaintiffs and to add several defendants to the action. Essentially, the Amended Complaint alleges that Defendants used erroneous information in Plaintiff Bryan's central prison file to impose a Public Safety Factor (PSF) which kept Bryan at a higher security institution in Texas, rather than at a minimum security facility in Colorado closer to his family. Docket #22 at 3.[3] Plaintiffs contend that the imposition of the PSF (for abuse of telephone privileges), as well as the concomitant restrictions on his telephone use, have resulted in the denial of the family Plaintiffs' rights under the First Amendment and the denial of Plaintiff Bryan's rights under the Fifth Amendment and the Privacy Act. *Id.*

---

[2] Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

[3] Plaintiff Bryan was eventually transferred to the Federal Prison Camp in Florence, Colorado, in or about October 2007. *Id.*

Plaintiffs bring claims against Defendants for (1) conspiracy to deprive Plaintiff Bryan of his equal protection rights under the Fifth Amendment; (2) violations of the family Plaintiffs' First Amendment rights to visit and communicate with Plaintiff Bryan; and (3) violation of the Privacy Act, 5 U.S.C. § 552a(e)(15), for refusing to correct false information in Plaintiff Bryan's central file. *Id.* at 12-21.

## II. Discussion

The Plaintiffs bring their motion pursuant to Fed. R. Civ. P. 21. Rule 21 authorizes a court, upon its own initiative or by a party's motion, to drop parties when the claims asserted against them do not arise out of the same transaction or occurrence or do not present some common question of law or fact. *See* Fed. R. Civ. P. 21; *see also* 7 Wright, Miller & Kane, *Federal Practice and Procedure: Civil 3d* § 1683 (2001). Parties that meet either of the above conditions may be added to the action under Rule 20, which governs permissive joinder. *See* Fed. R. Civ. P. 20; *see also* 7 Wright, Miller & Kane, *Federal Practice and Procedure: Civil 3d* § 1683 (2001). If, however, a party fails to satisfy either of the preconditions for permissive joinder, the parties are misjoined. *See* 7 Wright, Miller & Kane, *Federal Practice and Procedure: Civil 3d* § 1683 (2001).

Here, the Plaintiffs seek to add Plaintiff Bryan to Claim Two for violation of his First Amendment rights as set forth in the current Amended Complaint. In addition, the Plaintiffs seek to substitute "Ms. Fowler" for a defendant Jane Doe and to assert Claims One and Two against her. The Plaintiffs assert that Ms. Fowler is an employee of the Records Department at the FCI-Big Spring, who "joined the conspiracy to deprive Plaintiffs of their constitutional rights . . . by seeing to it that Wiley added additional constraints against Bryan when he was transferred to FPC-Florence." Docket #70 at 1. Substituting a named defendant for an original, unknown "John Doe"

defendant amounts to adding a new party. *See Bell v. City of Topeka*, 279 Fed. Appx. 689, 692 (10th Cir. May 23, 2008) (citing *Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004). Therefore, the Court finds that Plaintiffs' motion is brought pursuant to Rule 20 for permissive joinder and to Rule 15 for amendment of the operative complaint.

The Court must heed Rule 15's mandate that the Court should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a) (2008); *see also Foman v. Davis,* 371 U.S. 178, 182 (1962); *Duncan v. Manager, Dep't of Safety, City and County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005). The grant or denial of leave to amend is committed to the discretion of the district court. *See Duncan*, 397 F.3d at 1315. "If the underlying facts or circumstances relied upon by a [party] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman,* 371 U.S. at 182. Leave to amend should be refused "only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan*, 397 F.3d at 1315; *see also Foman,* 371 U.S. at 182;

> Rule 20(a) permits joinder of plaintiffs in a single action if
>
> they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and ... any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1) (2008). Likewise, joinder of defendants in an action is permitted if the rights to relief are asserted against them in the same manner as set forth for plaintiffs. *See* Fed. R. Civ. P. 20(a)(2) (2008). When making a decision whether to allow the permissive joinder of a party, a court should consider such factors as the possible prejudice that may result to any of the parties in the litigation, the delay of the moving party in seeking an amendment to his pleadings, the

4

motive that the moving party has in seeking such amendment, the closeness of the relationship between the new and the old parties, the effect of an amendment on the court's jurisdiction, and the new party's notice of the pending action. *MDM Group Assocs., Inc. v. Midgett Realty, Inc.*, No. 07-cv-02543-WDM-CBS, 2008 WL 2756926, *4 (D. Colo. July 14, 2008) (citing *Desert Empire Bank v. Insurance Co. of North America*, 623 F.2d 1371, 1375 (9th Cir. 1980)).

With these legal precepts in mind, the Court finds that Plaintiffs' proposed amendments would be futile. First, with respect to adding Plaintiff Bryan as a plaintiff in Claim Two, Bryan asserts that he has suffered the same injuries alleged by the family Plaintiffs in the Amended Complaint. Docket #70 at 1. However, this Court has already recommended that the District Court dismiss Claim Two of the Amended Complaint since the allegations do not rise to the level of a First Amendment violation. Therefore, should the District Court adopt the recommendation, adding Plaintiff Bryan to Claim Two would be futile.

As for substituting Ms. Fowler for a "Jane Doe" and joining her as a defendant for Claims One and Two, the Court also finds that such amendments would be futile. This Court has recommended the dismissal of both Claims One and Two as barred by the statute of limitations (which may not be at issue regarding Ms. Fowler) and for failure to state viable claims for relief. As explained above, this Court has found that Plaintiffs failed to state a claim under the First Amendment in Claim Two since their injuries do not rise to the level of constitutional violations. Likewise, in Claim One for violation of the Equal Protection Clause of the Fifth Amendment, this Court found that Plaintiff Bryan has failed to identify any similarly situated inmates who were treated differently by the Defendants. He makes no such identification in the within motion as well. Therefore, should the District Court adopt the recommendation dismissing Plaintiffs' claims, adding

Ms. Fowler as a defendant to Claims One and Two of the Amended Complaint would be futile.

**III.     Conclusion**

Accordingly, for the reasons stated above, the Court respectfully RECOMMENDS that Plaintiff's Motion to Add Parties Pursuant to Rule 21 [filed November 14, 2008; docket #70] be **denied**.

DATED this 14th day of January, 2009, in Denver, Colorado.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge